United States District Court
Southern District of Texas
**ENTERED**
February 05, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT              SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Robert Lancon, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-18-2051 |
| | § | |
| Stafflink, Inc., | § | |
| Defendant. | § | |

## Memorandum and Recommendation

This employment discrimination case is referred to the undersigned magistrate judge under 28 U.S.C. § 636. (D.E. 10.) Because Lancon failed to prosecute this action and to comply with the court's orders, the court recommends that the case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

### 1. Background

Lancon filed a petition in the 133rd Judicial District Court of Harris County, Texas, on May 23, 2018, alleging, among other things, that Stafflink, an employee outsourcing services provider, discriminated against him because of his sex. (D.E. 1-3.) Lancon alleged that during his employment with Stafflink's client, Grundfos CBS Inc., several employees and members of management made sexual comments about his genitals and made lurid gestures on a daily basis. (D.E. 1-1, 6-1.) Lancon alleges he was forced to work in a hostile work environment, sustained severe emotional distress, and had to resign from his job. (D.E. 1-1.) On June 20, 2018, Stafflink removed the case to federal court. (D.E. 1, 1-1 at 2–10.)

On June 26, 2018, Stafflink filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (D.E. 6.) Stafflink argues that (1) Lancon did not timely file an EEOC charge as is required in a Title VII claim, (2) Lancon's Title VII, Texas Labor Code, and defamation claims are barred by state and federal statutes of limitations, and (3) Lancon did not

allege facts sufficient to state a claim of intentional infliction of emotional distress. (D.E. 6.)

Lancon filed an earlier, related lawsuit against Grundfos in the 506th Judicial District Court of Waller County, Texas, styled *Robert B. Lancon v. Grundfos CBS Inc.*, Cause No. 17-09-24508. The lawsuit was removed to federal court. (4:17-cv-3167 (S.D. Tex.) ECF No. 1-2.) In that lawsuit against Grundfos, Lancon alleged the same facts and asserted the same claims as in the present lawsuit against Stafflink. *Id.* Lancon missed a court hearing on November 13, 2017 before Magistrate Judge Nancy Johnson. (4:17-cv-3167 (S.D. Tex.) ECF No. 10.) The case was dismissed on July 17, 2018, pursuant to a joint stipulation of dismissal. (4:17-cv-3167 (S.D. Tex.) ECF Nos. 14, 15.) Lancon never personally appeared in court in that case.

In this case, Lancon missed the initial conference held before the court on July 18, 2018. (D.E. 8.) Although Lancon and Stafflink conferred and filed a joint discovery/case management plan, Lancon missed another court setting on September 13, 2018. (D.E. 12, 14.) He missed three conferences in the two related cases.

The court ordered Lancon to file a response to Stafflink's motion to dismiss by September 28, 2018. (D.E. 13.) Lancon did not file a response. The court again ordered Lancon to file a response by October 19, 2018. (D.E. 15.) In the order, the court warned that Lancon's failure to file a response "will result in this case being dismissed with prejudice for want of prosecution." (D.E. 15. at 2.) Lancon filed a letter with the court on October 19, 2018, which the court construed as a motion for extension of time to respond to the motion to dismiss. The court extended the deadline to November 30, 2018. (D.E. 16, 17.) Lancon never filed his response to Stafflink's dispositive motion.

On November 8, 2018, Lancon appeared at the scheduling conference, during which the court warned Lancon in person that the court would dismiss the case if he did not participate in court proceedings:

> I just wanted to let you know we had court already once in your case and you weren't here. I know that you had a related case, and you didn't show up to court in that one either. So, when you are told to come to court, you have to come to court. You are about an inch away from having your case dismissed for not coming to court.

(Audio recording: scheduling conference (Nov. 8, 2018) (on file with the court).) Lancon stated on the record that he was aware that Stafflink filed the motion and that he was obligated to respond by November 30, 2018. *Id.* The court specifically explained to Lancon what he needed to include in his response to Stafflink's motion and even arranged for Stafflink to provide him with an extra copy of the motion. *Id.* Stafflink filed a certificate of service showing that it served Lancon with another copy of the motion to dismiss on November 8, 2018. (*See* D.E. 19.)

    2.  Analysis

A district court may dismiss an action for want of prosecution under Federal Rule of Civil Procedure 41(b), pursuant to the court's inherent powers. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Link*, 370 U.S. at 633; *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

Rule 41(b) dismissal with prejudice is "an extreme sanction" which requires (1) a clear record of delay or contumacious conduct by the plaintiff, and (2) a finding that lesser sanctions would be, or proved to be, futile. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988).

The Fifth Circuit also frequently requires proof of at least one of the following aggravating factors: (1) the delay is caused by the plaintiff and not the plaintiff's attorney, (2) the defendant was actually prejudiced because of the delay, or (3) the delay can be characterized as intentional. *See, e.g., Papasan*, 842 F.2d at 790; *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985).

    A.  Clear record of delay

Lancon has not filed a response to Stafflink's motion to dismiss despite three court orders and two extensions of time. (*See* D.E. 13, 15, 17.) The court has given Lancon more than seven months to respond. Lancon has failed to appear in court at least two times. The record shows "total inactivity" for more than three months on Lancon's part after the court orally admonished him to file a response to the dispositive motion. These facts constitute a clear record of delay caused by Lancon's own failure to prosecute this cause of action. *Cf. Berry*, 975 F.2d at 1191–92 (finding no

clear record of delay where the plaintiff filed an amended complaint, responsive pleading to defendant's motion to dismiss, motion for reconsideration, and motion for leave to file a second amended complaint during the four month period); *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984) (finding no clear record of delay where "counsel for the plaintiff attended both status conferences, filed a motion to defer ruling on the defendant's motion to dismiss, and served notice of his intent to proceed with depositions").

These facts also establish the first and third aggravating factors. Because Lancon is a *pro se* litigant, the delay is his fault. Lancon's failure to respond to the motion to dismiss, despite three orders and ample time to do so, cannot be characterized as anything but intentional.

### B.  Futility of lesser sanctions

The court has attempted the lesser sanction of admonishing Lancon. In the order dated October 5, 2018, the court warned that Lancon's failure to file a response "will result in this case being dismissed with prejudice for want of prosecution." (D.E. 15. at 2.) The court warned Lancon in person that his lawsuit can be dismissed and made sure that he understood his obligation to respond to Stafflink's motion to dismiss by the third extended filing date. (Audio recording: scheduling conference (Nov. 8, 2018) (on file with the court).) The court has extended the deadline for Lancon to file the response multiple times, but that effort was also futile. (*See* D.E. 13, 15, 17.) Other forms of sanctions would be futile. The court is not convinced that monetary sanctions would have any effect, considering Lancon's *pro se* status.

Given the clear record of delay and the proven futility of other sanctions, it is appropriate to dismiss this case with prejudice, in accordance with Federal Rule of Civil Procedure 41(b). *See Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985) (upholding a district court's dismissal with prejudice where the district court's already-imposed lesser sanctions proved to be futile).

### 3.  Conclusion

The court recommends that this lawsuit be dismissed with prejudice under Federal Rule of Civil Procedure 41(b). The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

4

Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn,* 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 5, 2019.

Peter Bray
United States Magistrate Judge